FILED
CLERK
3:42 pm, Jan 10, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARY MIECZKOWSKI,

                Plaintiff,

       -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**

23-CV-896 (GRB)

**GARY R. BROWN, United States District Judge**:

      Once again, plaintiff Mary Mieczkowski seeks review of a decision of the Commissioner of Social Security that she is not disabled for purposes of receiving benefits under Title II of the Social Security Act. This matter has been pending since 2015, when plaintiff filed for benefits for a "closed period" of disability. After the Commissioner denied her application, she had a hearing before Administrative Law Judge Andrew S. Weiss. His denial was ultimately appealed to the Honorable Joan M. Azrack. Confronted with the specter of district court review, the Government, ably represented by an Assistant United States Attorney, conceded error, as ALJ Weiss's decision was indefensible, and the parties litigated over the appropriate scope of a remand. *Mieczkowski v. Saul*, No. 18-CV-5224 (JMA), 2020 WL 7024380, at *3 (E.D.N.Y. Nov. 30, 2020) (noting that as "the Commissioner concedes, the ALJ's decision was flawed in several respects"). Judge Azrack, in her typically thoughtful manner, carefully evaluated the claims and arguments in connection with the appropriate contours of a consensual remand, issuing an opinion remanding the case for further proceedings, while denying plaintiff's

1

application for a remand for calculation of benefits. Familiarity with Judge Azrack's decision, incorporated herein by reference, is assumed.[1]

At plaintiff's request, Judge Azrack also carefully weighed the factors used to determine whether the remand should include a direction to assign the matter to a different ALJ. On balance, Judge Azrack, providing the defendant with the benefit of the doubt, found that "there [was] no indication that the ALJ will not apply the appropriate legal standard on remand in accordance with this Order." *Id.* at 5.

Now, more than three years later, this case is again before this Court, with the plaintiff arguing that ALJ Weiss, who committed several errors in the initial decision and held the post-remand hearing, has essentially repeated the same errors of law and added some further problems. And, essentially, she's correct. Since the remand, ALJ Weiss held a hearing—a term which is generous in this context—at which he received testimony solely from a vocational expert.[2] Notwithstanding that the ALJ provided that expert with hypotheticals that gravely misstate the record,[3] the vocational expert repeatedly opined that plaintiff could not perform her former work as a police officer (which had, the ALJ acknowledged, been misclassified as light duty work), had limitations that would "preclude competitive employment" and retained no transferrable job skills to other employment. Tr. 360, 379–83. Nevertheless, the ALJ ignored

---

[1] In reviewing this matter, the Court applies the frequently reiterated standards for review of denials of Social Security disability benefits, consideration of motions for judgment on the pleadings, examination of the procedures employed, the substantial evidence rule, deference accorded to ALJ decisions, evaluation of vocational evidence and treating source information, all of which are discussed in *Zacharopoulos v. Saul*, 516 F.Supp.3d 211 (E.D.N.Y. 2021), incorporated herein by reference.

[2] Revealingly, at the commencement of his inquiry of the vocational expert— the only witness called to testify at the second hearing—ALJ Weiss stated "since we're not going to really, a lot of this we don't need to take the time to do it because the record is what the record is, and it really hasn't changed." Docket Entry ("DE") 8 ("Tr.") Tr. 372.

[3] *Compare, e.g.*, Tr. 54 (including testimony and medical evidence demonstrating that plaintiff has "poor balance"), *with* Tr. 378–80 (ALJ positing hypothetical indicating plaintiff had "no balancing limitations").

the testimony he elicited and determined—based on illusory findings[4] —that the plaintiff could perform "the full range of light work . . . that includes the occasional use of ladders and scaffolds." Tr. 353. Then, the ALJ fatuously adds:

> Relatively very few jobs in the national economy require ascending and descending ladders and scaffolds. Therefore, the inability to ascend and descend ladders and scaffolds would not significantly narrow the range of jobs an individual, including the claimant, can perform.

Tr. 360. The appropriate response may well be "Huh?"

Yet this blatant mishandling of vocational expert information pales in comparison to ALJ Weiss's failure to consider the Court's directives in connection with medical expert testimony. His initial determination relied heavily on the testimony of a physician, whom the ALJ incorrectly identifies as "Dr. Stephen Golub, an impartial medical expert"[5] to whose testimony he accorded "good weight." Tr. 15. No one by that name testified in the hearing; the record suggests that a medical expert named Steven Alavanja provided expert medical testimony. Tr. 38, 62.

Irrespective of the doctor's name, however, as Judge Azrack noted, and the Commissioner conceded, the single substantive answer provided by the medical expert "did not address the severity of Plaintiff's impairments nor did he opine as to Plaintiff's RFC." *Mieczkowski*, 2020 WL 7024380, at *4. Judge Azrack thus concluded that ALJ Weiss's "analysis does not provide support for why Dr. Golub was entitled to more weight than the

---

[4] The testimony elicited and medical records reviewed during the initial hearing revealed that the plaintiff had, at best, very poor balance.
[5] ALJ Weiss has relied on a Dr. Steven Golub in at least one other case before this Court. *Murphy v. Berryhill*, No. 17-CV-0916 (JMA), 2019 WL 1075605, at *3-4 (E.D.N.Y. Mar. 7, 2019). There, too, Judge Azrack found that ALJ Weiss relied upon an insufficient medical expert opinion. *Id.* at 7-8.

3

sources who examined Plaintiff. In fact, Dr. Golub did not appear to have offered any opinion at all." *Id.*

Undeterred by the concession of error by the Commissioner and Judge Azrack's express findings, ALJ Weiss, once again, bases his determination in some measure on the non-existent opinion provided by the apparently non-existent (in this case) Dr. Golub. Tr. 358 (summarizing the "testimony by Dr. Steven Golub, M.D."). As Judge Azrack noted, the medical expert testimony, due to the ALJ's truncated inquiry of the witness, was not an opinion at all. Yet ALJ Weiss continued to draw support from that testimony as a supposed basis to discredit information from treating sources. *Id.* ALJ Weiss failed to develop the record any further regarding plaintiff's medical evidence, and the only evidence elicited related to vocational capacity, which, as discussed, appeared to support a finding of disability. ALJ Weiss, through thinly-veiled machinations, disregarded this evidence. As Judge Azrack held, "at step five, the Commissioner must demonstrate 'there is work in the national economy that the claimant can do.'" *Mieczkowski*, 2020 WL 7024380, at \*2 (quoting *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009)). Plainly, the Commissioner failed in this regard.

The slapdash nature of the review provided by ALJ Weiss—in which he misidentified the purportedly critical medical expert witness and continued to rely on that "opinion" despite Judge Azrack's rejection of the same—is echoed in the quality of the representation of the Commissioner on this appeal. For example, in its papers, counsel for the Commissioner repeatedly uses the wrong pronouns to refer to the plaintiff. *See, e.g.*, DE 15-1 at 8-9 (repeatedly referencing plaintiff as "he"); DE 15-2 at 3-5 (same). Such scrivener's errors could be simple mistakes, but may also reflect a careless, cut-and-paste creation of filings.

4

What's more troubling, however, is the failure of counsel to exercise reasoned discretion in this case. During the first review of this case before Judge Azrack, the Commissioner was represented by an Assistant U.S. Attorney for this district, who exercised the good sense and judgment to concede error as to ALJ Weiss's mistakes. Here, the record is inarguably worse, as rather than correct the errors identified by Judge Azrack, ALJ Weiss perpetuated and compounded the mistakes. And yet, substitute counsel for the Commissioner, a cross-designated agency attorney, refused to acknowledge any error.[6] Instead, in the filings, the Commissioner has the temerity to request that this Court conduct "a searching review of the record" to correct the "the absence of an express discussion by the ALJ" of relevant factors. DE 15-1 at 18. While recognizing that it has the discretion to do so, perhaps unsurprisingly, the Court will decline counsel's invitation.[7] Thus, the case must be remanded.

---

[6] Relatedly, though plaintiff forcefully argues that ALJ "Weiss has repeatedly been criticized" for erroneous decision-making, *see, e.g.*, DE 14-2 at 4 (citing *Ianazzi v. Comm'r of Soc. Sec.*, No. 20-CV-04366 (KAM), 2022 WL 4386835, at *6 (E.D.N.Y. Sept. 22, 2022); *Van Dyne v. Saul*, No. 20-CV-260 (MKB), 2021 WL 1210460, at *16 (E.D.N.Y. Mar. 31, 2021); *Grabel v. Berryhill*, No. CV-18-1154 (ADS)(ARL), 2019 WL 4395176, at *11-12 (E.D.N.Y. Aug. 27, 2019), *report and recommendation adopted*, 2019 WL 4393672 (E.D.N.Y. Sept. 13, 2019); *Ingrassia v. Colvin*, 239 F.Supp.3d 605, 625–26 (E.D.N.Y. 2017); *Karki v. Colvin*, No. 13-CV-06395 (SLT), 2017 WL 728225, at *16-17 (E.D.N.Y. Feb. 23, 2017); *Prochaska v. Colvin*, No. 13-CV-02270 (FB), 2014 WL 1315366, at *7 (E.D.N.Y. Mar. 28, 2014); and *Romanelli v. Astrue*, No. CV-11-4908 (DLI), 2013 WL 1232341, at *8 (E.D.N.Y. Mar. 26, 2013)), counsel for the Commissioner fails to respond. In fact, though afforded the opportunity, the Commissioner did not even file a responsive brief.

[7] These litigative failures may well be related to the Commissioner's representational choices. AUSAs assigned to this district's Civil Division, who answer to the United States Attorney, have traditionally served an important ameliorative gatekeeping function in civil litigation, often counseling client agencies to adopt less adversarial and more balanced positions in appropriate circumstances. In this instance, this function has been "outsourced" to an attorney employed by the agency but cross-designated as a Special Assistant U.S. Attorney, a practice that seems to have increased in recent years. This Court has observed that, in at least certain instances, cross-designated agency counsel have repeatedly and unapologetically taken indefensible positions in social security disability cases, even in the face of judicial criticism. *See, e.g.*, *Piorkowski v. Comm'r of Soc. Sec.*, No. 21-CV-5479 (GRB), 2022 WL 17824052, at *4 (E.D.N.Y. Dec. 20, 2022) (ALJ ignored repeated directives of Court's remand order); *Wagner v. Comm'r of Soc. Sec.*, 620 F. Supp. 3d 3, 6 (E.D.N.Y. 2022) (ALJ finding disability applicant could work as a theater matron or in photo film developing); *Kiiroja v. Comm'r of Soc. Sec.*, 525 F. Supp. 3d 412 (E.D.N.Y. 2021) ("once again, the Commissioner inappropriately considered vocational evidence that is fundamentally unreliable, and the ALJ misapplied the standards relating to such evidence"); *Menard v. Comm'r of Soc. Sec.*, 520 F. Supp. 3d 294, 296 (E.D.N.Y. 2021) (ALJ conducted "an amateur review of MRI findings"). Unfortunately, this is merely a small sampling, and there are others.

Having said that, two questions remain. The first is whether to direct the assignment of a new ALJ on remand. Unlike the situation before Judge Azrack, it is no longer the case that "there is no indication that the ALJ will not apply the appropriate legal standard on remand." *Mieczkowski*, 2020 WL 7024380, at *5. Now, the opposite is true. Even in the glare of the remand by Judge Azrack, ALJ Weiss took no steps to correct his errors and abdicated his responsibility to fully develop the record. *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) ("[T]he social security ALJ, unlike a judge in a trial, must on behalf of all claimants . . . affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding."); *see also* 20 C.F.R. § 404.1512(b). Therefore, the matter must be assigned to a different ALJ on remand.

The second issue raised by plaintiff's counsel is whether the matter should simply be remanded for calculation of benefits. This represents a much closer question. "Remand for benefits calculation 'is appropriate when the record[ ] provide[s] persuasive evidence of total disability that render[s] any further proceedings pointless.'" *Beirouti v. Comm'r of Soc. Sec.*, No. 20-CV-5006 (GRB), 2021 WL 6037594, at *3 (E.D.N.Y. Dec. 21, 2021) (quoting *Stacey v. Comm'r*, 799 F. App'x. 7, 11 (2d Cir. 2020)). That is not the case here.[8] Generally speaking, "absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Rivera-Maysonet v. Comm'r of Soc. Sec.*, No. 18-CV-1142 (FPG), 2020 WL 813306, at *6 (W.D.N.Y. Feb. 19, 2020) (quoting *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996)). At the same time, "[i]nexcusable delay, like the decade-long proceeding in this case, further weighs in favor of a remand for calculation of benefits." *Piorkowski v. Comm'r*

---

[8] To be clear, the testimony elicited at the second hearing from the vocational expert seems to support a finding of disability. However, the scattershot, contrived questioning by the ALJ muddies the issue.

*of Soc. Sec.*, No. 21-CV-5479 (GRB), 2022 WL 17824052, at *4 (E.D.N.Y. Dec. 20, 2022). Here, that the plaintiff is seeking benefits for a very limited closed period, and had previously retired with a full police pension, helps mitigate the otherwise intolerable delays caused by the ALJ's intransigence.  Therefore, on balance, the application to remand for calculation of benefit is denied.

As a result, the Court will, once again, remand this case for further proceedings consistent with this opinion, and direct that the case be assigned to a different ALJ.

**SO ORDERED.**

Dated: Central Islip, New York
January 10, 2024

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge